IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 2000 SESSION

FILED

February 23, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| Appellee, | ) | No. E1999-00548-CCA-R3-CD |
| | ) | |
| | ) | Carter County |
| v. | ) | |
| | ) | Honorable Lynn W. Brown, Judge |
| | ) | |
| ROBERT GUY OLIVER, | ) | (Driving under the influence of an intoxicant- |
| | ) | fourth offense) |
| | ) | |
| Appellant. | ) | |


For the Appellant:

Steven McEwen
410 West Main Street
Mountain City, TN 37683
(ON APPEAL)


David F. Bautista
District Public Defender
Post Office Box 996
Johnson City, TN 37605-0996
        and
Robert Y. Oaks
Assistant Public Defender
Old Courthouse, Main Street
Elizabethton, TN 37643
(AT TRIAL)

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
Patricia C. Kussmann
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

Joe C. Crumley, Jr.
District Attorney General
Post Office Box 38
Jonesborough, TN 37659
        and
Mark K. Hill
Assistant District Attorney General
806 Third Street
Elizabethton, TN 37643


OPINION FILED:_____


APPEAL DISMISSED

Joseph M. Tipton
Judge


**O P I N I O N**


The defendant, Robert Guy Oliver, appeals as of right from his conviction

pursuant to a guilty plea in the Carter County Criminal Court for driving under the

influence of an intoxicant (DUI), fourth offense, a Class E felony. The defendant was sentenced as a Range I, standard offender to one year of confinement in the custody of the Department of Correction, with all but one hundred eighty days suspended to be served at one hundred percent. He was fined three thousand dollars. The defendant reserved the right to appeal the following issues pursuant to Rule 37(b)(2), Tenn. R. Crim. P.:

> 1. whether the trial court erred by imposing a Class E felony sentence rather than a Class A misdemeanor sentence when the defendant's previous convictions occurred before the amendment of the DUI statute on July 1, 1998; and
>
> 2. whether the amendment to the DUI statute violates the constitutional prohibition against ex post facto legislation.

We must dismiss the appeal because the defendant did not reserve a certified question of law that is dispositive of the case.

The defendant pled guilty to DUI, fourth offense, on August 16, 1999, and the trial court imposed a Class E felony sentence. See Tenn. Code Ann. § 55-10-503(a)(1) (amended 1998). Essentially, the defendant asserts that the amendment to Tenn. Code Ann. § 55-10-503(a)(1) that makes a fourth DUI offense a Class E felony does so only if the third DUI conviction occurred after the effective date of the amendment. Also, he contends that if we do not accept his interpretation of the statute, then the statute should be rendered unconstitutional because of vagueness and the prohibition against ex post facto legislation.

The defendant sought to reserve his certified questions of law pursuant to Rule 37(b)(2), Tenn. R. Crim. P., which states as follows:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
> . . . .
>
> (2) upon a plea of guilty or nolo contendere if:
> (i) defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case[.]

"An issue is dispositive when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand

. . . ." <u>State v. Wilkes</u>, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). Furthermore, we are not bound by the trial court's determination that an issue is dispositive. <u>State v. Preston</u>, 759 S.W.2d 647, 651 (Tenn. 1988). Rather, we are required to make an independent determination of the dispositive nature of the question reserved, and appellate review must be denied if the record does not clearly demonstrate how the question is dispositive. <u>Id.</u>

We hold that the defendant's issues are not dispositive of the case. If the defendant prevailed in this court, the case necessarily would be remanded to the trial court for further action on the misdemeanor DUI charge, not reversed and dismissed. Although an argument could be made that the defendant's issues are dispositive of the "felony case," we view <u>Wilkes</u> to require either an affirmance or a reversal and dismissal of the entire case.

In consideration of the foregoing and the record as a whole, we dismiss the appeal.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
James Curwood Witt, Jr., Judge

_____
Norma McGee Ogle, Judge

3