IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
February 25, 2003 Session

## STATE OF TENNESSEE v. THURMAN G. LEDFORD

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 02-CR-073     James E. Beckner, Judge**

---

**No. E2002-01660-CCA-R3-CD**
**May 22, 2003**

---

Thurman G. Ledford appeals a certified question of law whether the strong odor of ammonia emanating from his residence supported probable cause for the issuance of a search warrant, which resulted in his arrest for drug-related activities. Because we conclude that the issue is not dispositive of the defendant's case, we dismiss his appeal.

**Tenn. R. App. P. 3; Appeal is Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Paul G. Whetstone, Mosheim, Tennessee, for the Appellant, Thurman G. Ledford.

Paul G. Summers, Attorney General & Reporter; Kathy D. Aslinger, Assistant Attorney General; C. Berkeley Bell, District Attorney General; and Jonathan Holcomb, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

Thurman G. Ledford seeks appellate review of his Hamblen County conviction, pursuant to a guilty plea, for the attempted manufacture of a controlled substance. The defendant invokes Criminal Procedure Rule 37(b)(2) as the basis for his appeal. *See* Tenn. R. Crim. P. 37(b)(2). The judgment of conviction in the record before us recites in pertinent part:

> The defendant, pursuant to Rule 37(b), Tenn. R. Crim. P., reserves, with the consent of the State, the following dispositive certified question of law, to wit: whether the affidavit in support of the search warrant stated probable cause for its issuance, based on the strong smell of ammonia.

As we shall explain, because the defendant did not reserve a certified question of law that is dispositive of the case, his appeal must be dismissed.

From the record, we discern that a search warrant was obtained on March 25, 2002, by Hamblen County law enforcement officers, which authorized them to search for narcotics and narcotics-related evidence at the defendant's Skyline Drive residence in Morristown. The warrant was executed, evidence was seized, and the defendant was arrested for the attempted manufacture of a controlled substance and for possession of anhydrous ammonia with the intent to manufacture a controlled substance. *See* Tenn. Code Ann. §§ 39-17-417(a)(1), (c)(2); -433(a)(1) (Supp. 2002).

The affidavit used to secure the search warrant was prepared by Hamblen-Morristown Multiple Crimes Unit Police Officer Tracey Bowman. The affidavit includes Officer Bowman's law enforcement background and specialized training in drug investigations. The critical paragraphs of the affidavit appear as follows:

2. On 03-25-02, 911 received a complaint of a strong odor of ammonia in the area of E. Skyline Dr. [O]fficers with the Morristown Police Dept. went and spoke to the complainant and noticed the strong odor of ammonia. Agents with the Hamblen-Morristown Multiple Crimes Unit went and spoke to the complainant also and could smell the odor of ammonia. Agents with the Hamblen-Morristown Multiple Crimes Unit having knowledge of the procedures to manufacture methamphetamines know that ammonia is used as key ingredient in that process. Agents with the Hamblen-Morristown Multiple Crimes Unit went to 926 E. Skyline Dr. to investigate the odor of ammonia in the area. Upon arrival agents could smell the odor of ammonia. Agents knocked on the door of 926 E. Skyline Dr. and after a short wait a female came to the door and officers saw a male subject come from the basement of the residence and approach the front door. Upon the opening of the door agents could smell the strong odor of ammonia coming from inside of the residence. Officers asked about the strong odor of ammonia and they stated they had been cleaning the bathroom. Agents then asked for consent to search the residence which a subject named (alias) TG Ledford gave officers consent. Upon Deputy Snowden entering the residence he ask[ed] if anyone had any weapons and (alias) TG Ledford stated he had a gun in his back pocket. Agents retrieved the weapon from his pants pocket and then the consent to search was then revoked. Agents then had a uniformed officer stay at the residence while a search warrant was being issued to search the residence. This agent along with other law enforcement agencies has received citizen complaints with regards to this particular residence regarding visitors to the residence at all hours of the day and night;

visitors generally staying no longer than 10 minutes before leaving; these actions being an indication of possible drug activity. Agents also have received information about (alias) TG Ledford manufacturing methampethamine.

3. Based on experience, training, and the above information, AFFIANT, Tracey Bowman, believes that the indicators above and the other information give probable cause to believe that drugs are present inside the residence in question.

The defendant filed a motion to suppress the evidence seized from his residence based on the search warrant. As grounds for suppression, the defendant alleged (a) that the warrant "was not based upon sufficient facts to constitute probable cause, rendering the search and seizure 'unreasonable'" and (b) that the warrant "did not comport with the requirements of Rule 41 of the Tennessee Rules of Criminal Procedure." The motion was scheduled for hearing on July 12, 2002.

Evidently, the defense and the state had previously reached a tentative agreement whereby, if the motion was denied, the defendant would plead guilty to attempted manufacture of a controlled substance, the state would move to dismiss the possession charge, and the defendant would reserve a certified question for appellate review. Perhaps in anticipation of an adverse ruling, the defendant prepared and brought with him to the suppression hearing a proposed judgment containing language that a certified question of law was being reserved, "to wit: whether the affidavit in support of the search warrant stated probable cause for its issuance, based on the strong smell of ammonia."

In the record before us is a transcript of the suppression hearing. The state argued at the hearing that the totality of the circumstances set forth in the search warrant affidavit supported probable cause for issuance of the warrant. The defendant argued that the issue to be decided on the suppression motion was as stated and framed in the proposed judgment.

And that is the certified dispositive issue before the Court today. We're going to be -- That is the issue we're going to preserve on this plea, is whether the strong smell of ammonia is sufficient to constitute probable cause.

. . . I question whether the smell of ammonia alone -- the strong smell of ammonia -- can constitute probable cause[,] and that's the singular issue for the Court today pursuant to Rule 37.

By its remarks and ruling, as reflected in the transcript, the trial court rejected the defendant's attempt to confine examination of the search warrant for probable cause to the smell of ammonia. The trial court voiced its opinion that "just smelling ammonia is not enough to give probable cause," but it emphasized that suspicious circumstances, other than an odor of ammonia,

-3-

were set out in the search warrant affidavit, which when considered cumulatively, constituted probable cause. Accordingly, the trial court denied the motion to suppress. The trial court also, however, entered the defendant's proposed judgment, which articulated the certified question as "whether the affidavit in support of the search warrant stated probable cause for its issuance, based on the strong smell of ammonia."

Reserving a certified question of law for appellate review is governed by Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure. It provides,

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
>
> . . . .
>
> (2) Upon a plea of guilty of nolo contendere if:
>
> (I) The defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by the defendant for appellate review;
>
> (B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and
>
> (D) The judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive or the case[.]

Tenn. R. Crim. P. 37(b)(2)(i)(A), (B), (C), (D) (as amended by order filed January 31, 2002, effective July 1, 2002)).

On appeal, the defendant initially argues that the trial court improperly considered all of the information in Officer Bowman's affidavit, as opposed to confining the probable cause inquiry to the ammonia odor emanating from the defendant's residence. Evidently, the defendant takes the position that the wording of the certified question in the proposed judgment should have strictly confined the trial court's inquiry.

We cannot fathom, however, how a trial court, which is considering a motion to suppress, can be restricted by a proposed certified question that does not become a certified question until a ruling has issued on the suppression motion. In effect, the defendant is attempting to manipulate how the trial court analyzes probable cause. "Tennessee law is clear that in determining whether or not probable cause supported issuance of a search warrant only the information contained within the four corners of the affidavit may be considered." *State v. Keith*, 978 S.W.2d 861, 870 (Tenn. 1998). Accordingly, the trial court cannot be found in error by following the law and examining the totality of the facts and circumstances set forth in Officer Bowman's affidavit.

It does not avail the defendant that the trial court entered his proposed judgment containing the language that the ammonia smell was dispositive. This court is "not bound by the trial court's determination that an issue is dispositive." *State v. Oliver*, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000), *perm. app. denied* (Tenn. 2000); *see State v. Preston*, 759 S.W.2d 647, 651 (Tenn. 1988). We are, instead, obligated "to make an independent determination of the dispositive nature of the question reserved, and appellate review must be denied if the record does not clearly demonstrate how the question is dispositive." *Oliver*, 30 S.W.3d at 365; *see Preston*, 759 S.W.2d at 651.

"An issue is dispositive," the court explained in *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984), "when this court must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand." *See Oliver*, 30 S.W.3d at 365. In our estimation, the record does not clearly demonstrate how the defendant's issue is dispositive of his case. Officer Bowman's search warrant affidavit referenced information, other than the odor of ammonia, in support of probable cause to search the defendant's residence. The strong odor of ammonia is not determinative or dispositive because the validity of the search warrant can still rest on other information supplied in the affidavit.

Finally, we reject any suggestion that the defendant's statement of the certified question for review is "ambiguous" and should, therefore, not preclude a more comprehensive review of the search warrant based on the totality of the circumstances set forth in Officer Bowman's affidavit. We note that the written plea agreement in the record before us contains language that a certified question was being reserved, and the question is stated in terms of "whether probable cause was stated in the affidavit based upon the strong smell of ammonia." The defendant knowingly defined the issue in terms of the odor of ammonia, and he will not be heard on appeal to contend otherwise.

Consequently, for the foregoing reasons, we must dismiss the defendant's appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE