IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 21, 2005 Session

## STATE OF TENNESSEE v. CHRISTOPHER LAWRENCE MILLIKEN

**Appeal from the Circuit Court for Bedford County
No. 15524     Lee Russell, Judge**

_____

**No. M2004-02431-CCA-R3-CD - Filed November 23, 2005**

_____

The Defendant, Christopher Lawrence Milliken, pled guilty to one count of resisting a stop, frisk, halt, arrest or search; one count of simple possession of marijuana; and one count of violating the implied consent law. In conjunction with his guilty pleas, the Defendant reserved a certified question of law for this Court's consideration. Because the certified question of law is not dispositive of the Defendant's case, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID H. WELLES, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J.C. MCLIN, JJ., joined.

John H. Norton, III, Shelbyville, Tennessee, for the appellant, Christopher Lawrence Milliken.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; Mike McCown, District Attorney General; and Michael D. Randles and Ann Filer, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

This case is submitted to us upon a stipulation of facts as to what transpired prior to the Defendant's arrest.[1] We here repeat the salient portions of that document:

---

[1]In its appellate brief, the State relies upon the recitation of facts made by the prosecutor at the Defendant's guilty plea hearing. However, in the order attached to the Defendant's judgments of conviction, which order sets out the certified question of law, the trial court stated that "the parties do hereby agree and stipulate that the factual basis set forth in Defendant's initial Brief of Law w[as] treated by the trial court as the facts applicable to this case and should be considered by any appellate court as the stipulated facts that apply to any disposition of this cause." Hence, we will refer to the specified statement of facts.

On or about July 16, 2003, Defendant was operating his motor vehicle along that portion of Highway 231 North in Shelbyville, Bedford County, Tennessee, known as North Main Street, in a northerly direction, or towards Murfreesboro. When he stopped his vehicle at the intersection of North Main Street and Colloredo Boulevard/Fairfield Pike, he was joined at the traffic signal, albeit in the other lane, by Officer Tracey Nelson with the Shelbyville Police Department. That, at the time of this occurrence, Defendant was enjoying music coming from the radio contained in his motor vehicle, and, while this Defendant did not consider the music to be unreasonably loud, disturbing or unnecessary, Officer Nelson apparently had a different perception respecting what she was hearing.

At any rate, as this Defendant pulled through and away from the intersection, upon being properly permitted so to do by the changing of the traffic control device, Officer Nelson pulled her vehicle into Defendant's lane of traffic and immediately behind his vehicle. After traveling only a short distance in front of what is now the new Kroger store, Officer Nelson activated her blue lights indicating that she was initiating a traffic stop of Defendant's vehicle. At that point, Defendant traveled to the first available area along North Main Street where he could safely pull his vehicle over, there being at the time massive construction in connection with the building of the new Kroger store, which safe location was the parking lot of Elite Physical Therapy and Rehabilitation Service, 1114 North Main Street, Shelbyville, Tennessee. After Defendant brought his vehicle to a stop in the parking lot, Officer Nelson stopped her vehicle and exited the same, walking in the direction of Defendant's vehicle. At that point, Defendant rolled down his window and inquired of Officer Nelson why he was being stopped. Officer Nelson replied to the Defendant that she had stopped him for "a violation of the noise ordinance," and, quite frankly, matters deteriorated from that point.

Specifically, Officer Nelson was joined at the scene by several other members of the Shelbyville Police Department, including Patrolman Chris Jones, Patrolman Cody King and Patrolman Tim Fox. When this occurred, there was an exchange of dialogue between this Defendant and Officer Nelson and the other officers, which exchange precipitated Officer Nelson's instructing this Defendant to exit his vehicle, apparently suspecting this Defendant of having consumed an alcoholic beverage. Upon exiting his vehicle, Defendant was requested to perform field sobriety tests, which he refused to do, at which time attempts were made to place Defendant under arrest. According to the officers, Defendant resisted, and a scuffle with the officers ensued. After being subdued, Defendant was placed under arrest. Following this arrest, a search incident to arrest was made of Defendant's vehicle, at which time various items of contraband were allegedly seized, all resulting in Defendant being charged with the following: Disorderly Conduct; Resisting Arrest; Driving Under the Influence, First Offense; Open Container; Possession of Schedule VI for Resale; Possession of Schedule II, and Possession of Drug Paraphernalia. Further, according to Officer Nelson, Defendant was offered a blood alcohol content test, which was

also allegedly refused by him, and Defendant was then charged with a violation of Implied Consent.

The Defendant subsequently filed a motion to suppress "from use as evidence against him any and all information obtained or derived from a certain motor vehicle stop made by Officer Tracey Nelson with the City of Shelbyville Police Department on July 16, 2003." The Defendant argued that the stop was based on an unconstitutional city ordinance, to wit, the City of Shelbyville's ordinance prohibiting "the creating of any unreasonably loud, disturbing and unnecessary noise[.]" Shelbyville, TN, Code title 10, ch. 2, § 10-225. Because the ordinance was constitutionally infirm, the Defendant maintained, all evidence obtained as a result of the stop was subject to suppression. The trial court denied the Defendant's motion. The Defendant thereafter pleaded guilty to one count of resisting a stop, frisk, halt, arrest or search;[2] one count of simple possession of marijuana;[3] and one count of violating the implied consent law.[4] The remaining charges against the Defendant were dismissed.[5]

In conjunction with his guilty pleas, the Defendant reserved the following certified question of law:

> Whether, if a city ordinance is found to be void-for-vagueness by a trial court, would the fact that the ordinance had not been declared unconstitutional on the date of the stop of a motor vehicle for an alleged violation of that city ordinance affect the admissibility, under the exclusionary rule and/or Article I, Section 7 of the Tennessee Constitution, of evidence derived from the stop of that motor vehicle, and whether there exists a "good faith exception" in Tennessee that would permit the admissibility of that evidence?

The State contends in its appellate brief that we must dismiss this appeal because the certified question is not dispositive of the case, and this Court therefore lacks jurisdiction. We agree with the State.

Our Rules of Criminal Procedure permit a criminal defendant to both plead guilty and appeal a certified question of law if the defendant has entered into a plea agreement under Rule 11(e) of the Tennessee Rules of Criminal Procedure and has "explicitly reserved with the consent of the state and of the [trial] court the right to appeal a certified question of law that is dispositive of the case . . . ." Tenn. R. Crim. P. 37(b)(2)(i). See also State v. Armstrong, 126 S.W.3d 908, 910 (Tenn. 2003). Certain requirements must be met:

---

[2] See Tenn. Code Ann. § 39-16-602(a).

[3] See Tenn. Code Ann. § 39-17-418(a).

[4] See Tenn. Code Ann. § 55-10-406(a)(3).

[5] We note that the Defendant was never charged with violating the noise ordinance.

(A) The judgment of conviction, or other document to which such judgment refers that is filed before the notice of appeal, must contain a statement of the certified question of law reserved by defendant for appellate review;

(B) The question of law must be stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(C) The judgment or document must reflect that the certified question was expressly reserved with the consent of the state and the trial judge; and

(D) the judgment or document must reflect that the defendant, the state, and the trial judge are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(i). See also State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). If these requirements are not met, this Court is without jurisdiction to hear the appeal. See State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996).

Although Rule 37 requires that the parties and the trial judge be of the opinion that the certified question is dispositive of the case, "[t]his Court is not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question of law is dispositive of the case." State v. Thompson, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003); see also State v. Oliver, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000). This Court may not assume jurisdiction of a case based upon an agreement between the litigants and the trial court. See State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984). "Rather, we are required to make an independent determination of the dispositive nature of the question reserved, and appellate review must be denied if the record does not clearly demonstrate how the question is dispositive." Oliver, 30 S.W.3d at 364. See also Preston, 759 S.W.2d at 651. The question is dispositive when its determination requires that we either affirm or reverse and dismiss the convictions at issue. See Oliver at 364.

Stated more plainly, the Defendant's certified question is whether his convictions must be reversed and dismissed because the city ordinance upon which he was stopped by law enforcement was subsequently determined to be unconstitutional[6] and all evidence gathered pursuant to the stop is therefore inadmissible under the exclusionary rule.[7] Had the Defendant been convicted of violating the challenged ordinance, this question would be dispositive. However, under the facts and circumstances of this case, the evidence underlying the crimes of which the Defendant was actually convicted is not tainted by any alleged irregularity in Officer Nelson's initial stop of him. Accordingly, the alleged illegal nature of the initial stop is irrelevant to the Defendant's convictions which are the subject of this appeal, and the certified question, being irrelevant, is not dispositive. The Defendant's appeal must, therefore, fail.

---

[6] The record indicates that the State conceded after the motion to suppress was filed that the city ordinance at issue was unconstitutional. However, the trial court never made a specific finding to this effect.

[7] The exclusionary rule bars from admissibility at trial evidence obtained either during or as a direct result of an unconstitutional search or seizure. See Wong Sun v. United States, 371 U.S. 471, 485 (1963); State v. Carter, 160 S.W.3d 526, 532 (Tenn. 2005).

According to the stipulated facts, Officer Nelson pulled the Defendant over because she overheard music from the Defendant's car radio at such a volume that she determined the Defendant to be in violation of the local noise ordinance. After explaining this to the Defendant, "matters deteriorated." Apparently, matters deteriorated to such an extent that additional officers were needed on the scene. Words between the Defendant and the officers were exchanged and, eventually, "a scuffle" between the Defendant and the officers "ensued." Only after this scuffle occurred was the Defendant placed under arrest. This "scuffle" forms the factual basis for the Defendant's conviction of resisting a stop, frisk, halt, arrest or search.[8] Only after he was arrested for this offense was the Defendant's car searched, which search turned up the marijuana which resulted in the Defendant's conviction for simple possession. Only after his arrest for resisting arrest did the Defendant refuse to submit to a blood alcohol test, thereby violating the implied consent law.

A search incident to a valid arrest is lawful, even without a search warrant or the accused's consent. See Chimel v. California, 395 U.S. 752, 762-63 (1969); State v. Crutcher, 989 S.W.2d 295, 300 (Tenn. 1999). Moreover, "the exclusionary rule does not apply to evidence obtained by means independent of [a] constitutional violation." Carter, 160 S.W.3d at 532 (citing Wong Sun v. United States, 371 U.S. 471, 487 (1963)). The Defendant claims that his arrest was unlawful because it flowed from a constitutionally infirm stop. The Defendant's argument fails to recognize the significance of his own volitional conduct after he was stopped. As this Court has recently reiterated, "evidence of a defendant's 'criminal conduct committed subsequent to an illegal arrest, or even as a result thereof, should not be suppressible under the exclusionary rule.'" State v. Abernathy, 159 S.W.3d 601, 604 (Tenn. Crim. App. 2004) (quoting State v. Jerry Wayne Elliott, No. W1999-00361-CCA-R3-CD, 2001 WL 13233, at *2 (Tenn. Crim. App., Jackson, Jan. 5, 2001)). Thus, evidence of new criminal acts committed after an illegal stop and seizure is admissible pursuant to an exception to the "fruit of the poisonous tree" doctrine.[9] See Abernathy, 159 S.W.3d at 604-05. As stated by the United States Court of Appeals for the Fourth Circuit,

> There is a strong policy reason for holding that a new and distinct crime, even if triggered by an illegal stop, is a sufficient intervening event to provide independent grounds for arrest. As . . . recognized [by the United States Court of Appeals for the Eleventh Circuit in United States v. Bailey, 691 F.2d 1009, 1017 (11th Cir. 1982)], "[a] contrary rule would virtually immunize a defendant from prosecution for all crimes he might commit that have a sufficient causal connection to the police misconduct." Because the arrest for the new, distinct crime is lawful, evidence seized in a search incident to that lawful arrest is admissible.

United States v. Sprinkle, 106 F.3d 613, 619 (4th Cir. 1997). See also State v. Robert Lee Mallard, No. M2000-00351-CCA-R3-CD, 2001 WL 178461, at *5 (Tenn. Crim. App., Nashville, Feb. 23,

---

[8] We note that the alleged illegality of the initial stop is no defense to this crime. See Tenn. Code Ann. § 39-16-602(b) ("it is no defense to prosecution . . . that the stop, frisk, halt, arrest, or search was unlawful.")

[9] This doctrine provides that evidence obtained through the exploitation of an unlawful search or seizure must be suppressed. See Wong Sun, 371 U.S. at 488.

2001) (holding that, even if arresting officer's initial seizure of accused was unconstitutional, accused's subsequent actions in attempting to hide evidence constituted "a sufficient intervening event to allow for independent grounds for the arrest and subsequent search incident to the arrest," such that evidence obtained during the search was not subject to suppression); State v. George Wesley Harville, No. 01-C-01-9607-CC-00300, 1997 WL 661726, at *3 (Tenn. Crim. App., Nashville, Oct. 24, 1997) (holding that evidence pertaining to an aggravated assault against the arresting officer was admissible, even if the preceding stop or arrest was illegal, because proof of such conduct "is not obtained as a result of the exploitation of the illegal stop or arrest.").

The same analysis obtains in the case before us. The evidence supporting the charges to which the Defendant pled guilty was gathered not as a result of the allegedly invalid stop, but as a result of the Defendant's intervening and illegal conduct. That conduct superceded the initial stop insofar as giving the police an independent - and constitutionally sound - basis for arresting the Defendant and, incident to that arrest, searching his vehicle. Furthermore, it was after his arrest that the Defendant refused to submit to a blood alcohol test, thereby violating the implied consent law. Thus, even if we were to agree with the Defendant that the officer's initial stop of him was constitutionally infirm, we would not thereby conclude that the evidence supporting his convictions should have been suppressed. Accordingly, the Defendant's certified question of law is not dispositive of his case and we are therefore without jurisdiction to entertain it.

The Defendant's appeal is dismissed.

_____
DAVID H. WELLES, JUDGE