# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs February 14, 2012

## STATE OF TENNESSEE v. ANDRE JON SIMMONS, II

**Direct Appeal from the Circuit Court for Madison County**
**No. 10-597    Roger A. Page, Judge**

---

**No. W2011-01004-CCA-R3-CD  - Filed June 26, 2012**

---

The Defendant-Appellant, Andre Jon Simmons, II, pled guilty in the Circuit Court of Madison County to possession with intent to sell more than .5 grams of cocaine, a Class B felony, and simple possession of a controlled substance, a Class A misdemeanor.  He received an effective sentence of ten years, suspended to probation.  Pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A), Simmons attempted to reserve the following certified question of law: "Whether the cocaine and oxycodone should have been suppressed by the Circuit Court for an illegal stop and search of Andre Jon Simmons."  Because the certified question fails to identify the scope and limits of the legal issue reserved, we conclude that we are without jurisdiction to consider it.  The appeal, therefore, is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the Defendant-Appellant, Andre Jon Simmons, II.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General and James W. (Jim) Thompson, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

**Background.**  Simmons was indicted for the possession of more than .5 grams of cocaine with the intent to sell, possession of more than .5 grams of cocaine with the intent to deliver, possession of oxycodone with the intent to sell, and possession of oxycodone with the intent to deliver.  The drugs were found during a search of Simmons following a traffic stop.  Simmons filed a motion to suppress the evidence seized during the search, arguing that

"a cracked windshield does not create probable cause to search the vehicle or the persons in it." The trial court held an evidentiary hearing on the matter.

Investigator Tikal Greer of the Jackson Madison County Metro Narcotics Unit testified that he was patrolling in the area of several night clubs when he saw a maroon Chevrolet car occupied by three men. He noticed a crack in the car's windshield that he believed was a safety hazard, and he followed the car when it left a club parking lot. Investigator Greer called for backup to assist with a traffic stop, which he initiated once he knew other officers were near. Greer approached the car, and Simmons, the driver, lowered his window. Investigator Greer smelled the odor of marijuana coming from inside the car. By this time, other officers had arrived to assist. Greer wrote Simmons a citation based on the cracked windshield and then ordered the three men out of the car because he believed marijuana was present. As Simmons got out, Greer saw marijuana shake, or seeds and stems, in plain view on the floorboard of the car. The officers searched the car and found more shake on the front passenger side. They arrested Simmons and the front passenger based on the marijuana. Investigator Greer testified that Investigator Smith searched Simmons incident to his arrest and discovered pills and individually bagged quantities of cocaine.

Investigator Andrew Smith, a Deputy Sheriff with the Madison County Sheriff's Department assigned to the Metro Narcotics Unit, testified that he responded to assist Greer with the arrest and search of Simmons. When Smith arrived at the scene of the traffic stop, other officers were searching the car. After Greer found marijuana shake, he told the other officers to arrest the car's occupants. Investigator Smith arrested Simmons and then searched him. In Simmons's crotch area, Smith found cocaine packaged in plastic bags and a plastic bag containing pills, which a lab analysis later identified as oxycodone. Simmons also had approximately $200 in cash and two cell phones.

Simmons testified that he was not at any night clubs on the night in question. He was driving his friend's car when Investigator Greer pulled him over. Simmons had not noticed the crack in the windshield until Investigator Greer mentioned it to him. No one smoked marijuana in the car that night. On cross-examination, Simmons testified that there was in fact a crack in the windshield and that Investigator Greer told him that the crack was the reason for the traffic stop. Investigator Greer also told Simmons that he smelled marijuana at the time Simmons lowered the car window.

During the hearing, counsel for Simmons conceded that a cracked windshield was a lawful basis for a traffic stop.

At the conclusion of the evidence, the trial court denied the motion to suppress. It specifically accredited Investigator Greer's testimony that he saw the cracked windshield

before stopping Simmons and that he smelled the odor of marijuana coming from the car. In a written order, the trial court further stated:

> The Court finds the vehicle the defendants were driving was lawfully stopped for a crack [sic] windshield. The Court also finds officers lawfully searched the vehicle after Investigator Greer smelled the odor of Marijuana from the car after the defendant rolled down his window. . . . The court also finds the drugs and other items seized from the defendants [sic] person was [sic] the result of a lawful search incident to arrest.

Simmons later entered a conditional guilty plea to the offenses of possession of more than .5 grams of cocaine with the intent to sell and simple possession of a controlled substance. The judgment forms reflect that Simmons reserved a certified question of law. Three days after the judgments were filed, the trial court filed an agreed order stating that the parties and the court consented to the reservation of the certified question as part of the plea agreement and that the question was dispositive of the case. It stated that the agreed order was incorporated into the judgment. Simmons later filed a timely notice of appeal.

## ANALYSIS

The judgment forms provide that Simmons reserved the following certified question: "Whether the cocaine and oxycodone should have been suppressed by the Circuit Court for an illegal stop and search of Andre Jon Simmons." Simmons's brief states the issue in broader terms: "Whether the trial court properly denied the [sic] Mr. Simmons's motion to suppress." The brief asserts that "the time, manner, or scope of the investigation exceed[ed] the proper parameters," and further attacks the credibility of Investigator Greer's testimony regarding the basis of the traffic stop and the search of the car.[1] Upon review, we hold that the certified question does not clearly identify the scope and limits of the legal issue reserved, and we are therefore without jurisdiction to consider this appeal.

---

[1]Confusingly, at another point in Simmons's brief, he concedes that probable cause existed to support the traffic stop. Indeed, the brief is confusing for numerous reasons and is replete with glaring errors in style and substance, a few of which we mention here. In conceding that probable cause existed, Simmons discusses events and people that are apparently not connected to this case. He states, "Indicates [sic] herein, the appellant concedes that he was lawfully stopped by Officer Harper for disregarding a stop sign. Thus, the appellant concedes that Officer Harper had probable cause to stop the vehicle for a traffic violation." Additionally, the brief often directly quotes sources without indicating such. Finally, the relief Simmons requests is a remand to the trial court for further proceedings, relief which is improper on an appeal of a certified question of law. State v. Oliver, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000).

Tennessee Rule of Criminal Procedure 37(b)(2)(A) allows for an appeal from any order or judgment on a plea of guilty or nolo contendere if the defendant reserves the right to appeal a certified question of law that is dispositive of the case, so long as the following four requirements are met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;

> (ii) the question of law as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;

> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

> (iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). The Tennessee Supreme Court clearly outlined the requirements for reserving a certified question of law in State v. Preston:

> [T]he dispositive certified question of law reserved by defendant for appellate review . . . must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the

-4-

burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

759 S.W.2d 647, 650 (Tenn. 1988) (emphasis added). As the Tennessee Supreme Court stressed, "Preston puts the burden of reserving, articulating, and identifying the issue upon the defendant." State v. Pendergrass, 937 S.W.2d 834, 838 (Tenn. 1996).

This court has previously required certified questions of law to be narrowly framed. In State v. Nicholas J. Johnson, this court concluded that it did not have jurisdiction of the case because the defendant failed to identify the scope and limits of the legal issue reserved within the expansive area of search and seizure law:

In the present case, the issue reserved is "the validity of the search and seizure of the" Appellant. This overly broad question violates the mandates announced in Preston. The question is not only patently non-specific but also does not clearly identify the reasons relied upon by the Appellant at the suppression hearing. Additionally, review of the question as presently framed would potentially require a complete dissertation of the law of search and seizure of which this court is not willing to engage in absent specific boundaries circumscribed by the Appellant. The holding of Preston created a bright-line rule regarding the prerequisites for a Rule 37(b)(2)[(A)] appeal from which this court may not depart. See generally Preston, 759 S.W.2d at 650; but see State v. Harris, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (issue need not be framed in standard "law school" format; statement satisfies Preston if appellate court can ascertain from the record the scope of the issue presented).

No. M2000-03162-CCA-R3-CD, 2001 WL 1356369, at *2 (Tenn. Crim. App., at Nashville, Nov. 6, 2001) (footnote omitted), perm. app. denied (Tenn. Apr. 8, 2002). In State v. Kale J. Sandusky, this court concluded that the defendant's certified question was overly broad in light of the narrower issue argued by the defendant in his appellate brief:

The issue reserved in the trial court's judgment is "whether or not the entries by law enforcement into [the Defendant's] home on October 23, 2006 were in violation of constitutional guarantees against unreasonable searches and seizures under the state and federal constitutions. . . ." The Defendant's brief, however, frames the issue as follows: "Must arrest warrants for the

offense of 'failure to appear' be issued by a neutral and detached magistrate upon a sworn affidavit setting forth probable cause?"

The Defendant's certified question is overly broad and fails to clearly identify the scope and limits of the legal issue reserved. We point out that the certified question does not mention the validity of an arrest warrant.

No. M2008-00589-CCA-R3-CD, 2009 WL 537526, at *3 (Tenn. Crim. App., at Nashville, Mar. 4, 2009), perm. app. denied (Tenn. Aug. 24, 2009).

Here, we conclude that the certified question presented by Simmons fails to precisely identify the scope and limits of the legal issue reserved. See Tenn. R. Crim. P. 37(b)(2)(A)(ii). In attempting to reserve the question of "[w]hether the cocaine and oxycodone should have been suppressed by the Circuit Court for an illegal stop and search of Andre Jon Simmons," he asks this court to conduct a complete overview of search and seizure law as applied to the facts of this case. This court has repeatedly declined to engage in or conduct such an overview. See Nicholas J. Johnson, 2001 WL 1356369, at *2; State v. Randal L. Cheek, No. M2000-00203-CCA-R3-CD, 2000 WL 1838584, at *4 (Tenn. Crim. App., at Nashville, Dec. 14, 2000) (dismissing appeal because certified question, "whether there was a lawful or unlawful search of [the defendant's] residence by police officers," was overly broad question in violation of Preston), overruled on other grounds by State v. Sigifredo Ruiz, No. M2000-03221-CCA-R3-CD, 2001 WL 1246397, at *4 (Tenn. Crim. App., at Nashville, Oct. 17, 2001).

Simmons's certified question is overly broad for several reasons. First, the certified question does not adequately set forth the legal basis for Simmons's claim. It is unclear whether the police action is allegedly illegal under the United States Constitution, the Tennessee Constitution, or both. Additionally, assuming he alleges a constitutional violation, he fails to mention any of the exceptions to the warrant requirement that potentially apply. See State v. Tobias Toby Horton, No. W2008-01170-CCA-R3-CD, 2009 WL 2486173, at *6 (Tenn. Crim. App., at Jackson, Aug. 13, 2009) ("In light of the facts of this case and the trial court's ruling at the suppression hearing, the failure to mention the exigency exception to the warrant requirement in the certified question of law is fatal to this appeal."), perm. app. denied (Tenn. Dec. 14, 2009). In particular, the question does not mention reasonable suspicion, probable cause, search incident to arrest, or the automobile exception to the warrant requirement. All of these concepts would presumably be central to Simmons's claim. As framed, the question is patently non-specific because it fails to identify the scope and limits of the legal issue raised and the reasons relied upon by Simmons at the suppression hearing. Moreover, the broad terms of the certified question are not cured by Simmons's narrower assertions in his appellate brief. See id.; Kale J. Sandusky, 2009 WL 537526, at

*3.  Because Simmons has failed to properly identify the scope and limits of the legal issue reserved, we are without jurisdiction to consider this appeal.

## CONCLUSION

Upon review, we conclude that Simmons did not properly identify the scope and limits of the issue reserved in his certified question of law, and we are without jurisdiction to consider the appeal.  Accordingly, the appeal is dismissed.

_____
CAMILLE R. McMULLEN, JUDGE