IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 13, 2016 Session

## STATE OF TENNESSEE v. ALEX HARDIN HUFFSTUTTER

**Appeal from the Criminal Court for Davidson County
No. 2011-D-3092      Mark J. Fishburn, Judge**

_____

**No. M2015-00950-CCA-R3-CD – Filed March 2, 2016**

_____

In conjunction with the entry of a nolo contendere plea to first offense driving under the influence ("DUI"), Defendant, Alex Hardin Huffstutter, reserved a certified question for appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A) in which he asked this Court to determine whether Tennessee Code Annotated section 40-35-313 excluded DUI as an offense for which judicial diversion was available. On appeal, this Court determined that the question was not dispositive and dismissed the appeal. *State v. Alex Hardin Huffstutter*, No. M2013-02788-CCA-R3-CD, 2014 WL 4261143, at *1 (Tenn. Crim. App. Aug. 28, 2014), *no perm. app. filed*. Subsequently, Defendant filed a motion in the trial court seeking reconsideration of his eligibility for judicial diversion. The trial court considered the motion and issued an order denying relief. Defendant appeals the denial of the motion to reconsider. After a review, we determine that the appeal is not properly before this Court. Consequently, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Michael D. Noel, Brentwood, Tennessee, for the appellant, Alex Hardin Huffstutter.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Glenn Funk, District Attorney General; and Fred Pickney, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Nearly five years ago, Defendant was charged with first offense DUI in Davidson County. He was indicted for DUI and DUI per se on October 28, 2011. He sought judicial diversion from the trial court. The trial court, determining that Defendant was not a qualified defendant eligible for diversion, denied the application for judicial diversion based on the DUI statute, Tennessee Code Annotated section 55-10-401, and *State v. Vasser*, 870 S.W.2d 543 (Tenn. Crim. App. 1993). Thereafter, Defendant entered a nolo contendere plea to DUI; the State dismissed the DUI per se charge. As part of the plea agreement, Defendant reserved the following certified question of law pursuant to Tennessee Rule of Criminal Procedure 37(b)(2)(A): "Does T.C.A. § 40-35-313 (2007)[ ] exclude driving under the influence of an intoxicant as prohibited by T.C.A. § 55-10-401 as a type of offense for which judicial diversion was not available to [the appellant] who was otherwise qualified for judicial diversion? (Prior to the July 1, 2011 amendment to the statute)."

On appeal, this Court determined that the denial of judicial diversion was not dispositive, commenting:

> [T]he trial court ruled that [Defendant] was not entitled to diversion because he had been convicted of DUI, which precluded eligibility for judicial diversion. Accordingly, the trial court did not examine [Defendant's] qualifications for judicial diversion. Regardless, if this [C]ourt were to decide that [Defendant], as a DUI offender, was eligible for judicial diversion, the result would be for us to remand to the trial court for a determination of [Defendant's] qualifications for diversion. This [C]ourt has previously explained, "'An issue is dispositive when this [C]ourt must either affirm the judgment or reverse and dismiss. An issue is never dispositive when we might reverse and remand." *State v. Oliver*, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000) (quoting *State v. Wilkes*, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984)).

*Alex Hardin Huffstutter*, 2014 WL 4261143, at *2. As a result, this Court dismissed the appeal and the case was "remanded to the Criminal Court of Davidson County for the execution of judgment and the collection of costs accrued below." *State v. Alex Hardin Huffstutter*, No. M2013-02788-CCA-R3-CD (Tenn. Crim. App. Aug. 28, 2014) (judgment). Defendant did not seek permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. Thus, this Court's August 28, 2014 opinion became the law of this case.

With neither explanation nor authority, Defendant filed a motion to set a diversion hearing "pursuant to the Court of Criminal Appeals opinion in this cause" in the trial court on January 23, 2015. Later, Defendant filed a "Motion and Memorandum for Reconsideration of Whether Defendant is an Eligible and Qualified Defendant Pursuant to

T.C.A. § 40-35-313 (2007)." In the motion, Defendant sought a hearing to "reconsider Defendant's entitlement and qualifications for judicial diversion."

On March 11, 2015, the trial court held a hearing on Defendant's qualifications for diversion. At the hearing, the State allegedly argued that the trial court did not have jurisdiction to consider the diversion application.[1] Defendant filed a brief in the trial court in which he argued that the trial court retained jurisdiction because the "judgment of guilt ha[d] not been entered."

On May 8, 2015, the trial court entered a "Memorandum Opinion" in which the trial court determined that Defendant was "an otherwise ideal candidate for diversion" but that "the law has regrettably tied this court's hands and left it no choice but to deny the motion." On May 11, 2015, the trial court entered an order denying the motion and putting Defendant's "agreed upon sentence pursuant to his plea agreement [into] effect."

On May 21, 2015, Defendant filed a notice of appeal from the "denial of defendant's eligibility for judicial diversion." On May 27, 2015, the trial court entered a stay of the judgment of conviction "pending appeal."

*Analysis*

At the outset, we would be remiss if we did not at least acknowledge that this is the Defendant's second appeal and has a distinct feeling of déjà vu. Well over a year ago, when Defendant entered the nolo contendere plea and reserved a certified question, this Court addressed what Defendant is now attempting to address again—whether DUI is an offense for which judicial diversion is available. Defendant's motion filed after dismissal of the appeal, in which he seemingly argued that the holding of this Court somehow entitled him to a hearing "to reconsider Defendant's entitlement and qualifications for judicial diversion," is antithetical to this Court's actual holding. On appeal, this Court determined that Defendant was not entitled to relief because the certified question was not dispositive of the issue. *Alex Hardin Huffstutter*, 2014 WL 4261143, at *2. In other words, we determined if the question were answered in Defendant's favor, he would not have been entitled to a dismissal of his conviction but merely a remand for a determination of whether he was a candidate for diversion. *Id.* This Court's opinion did not direct the trial court to make such a determination and, once our mandate issued, it had no basis to do so. "Under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal." *Memphis Pub. Co. v. Tenn. Petroleum Underground Storage*

---

[1] The transcript of this hearing is not included in the technical record on appeal. We base our understanding of the State's argument on what we are able to glean from the technical record.

*Tank Bd.*, 975 S.W.2d 303, 305 (Tenn. 1998) (citing *Life & Cas. Ins. Co. v. Jett*, 133 S.W.2d 997, 998-99 (Tenn. 1939); *Ladd v. Honda Motor Co.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996)).

Additionally, the Tennessee Rules of Criminal Procedure do not recognize a motion to reconsider, *State v. Turco*, 108 S.W.3d 244, 245 n.2 (Tenn. 2003), and Tennessee Rule of Appellate Procedure 3(b) does not provide for an appeal as of right from the denial of a motion to reconsider. Therefore, this Court does not have jurisdiction over the denial of the motion to reconsider.

To the extent Defendant is arguing that the execution of the judgment was stayed pending appeal because the trial court entered an order doing so, we note that the order was filed in the trial court *after* Defendant filed the notice of appeal herein. The jurisdiction of the Court of Criminal Appeals attaches upon the filing of the notice of appeal and, therefore, the trial court loses jurisdiction. *State v. Pendergrass*, 937 S.W.3d 834, 837-38 (Tenn. 1996) (citing *State v. Peak*, 823 S.W.2d 228, 229 (Tenn. Crim. App. 1991)), *reh'g denied* (Tenn. Nov. 12, 1996); *cf. Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994). After the filing of the notice of appeal, the trial court only retains limited power to correct clerical mistakes in judgments and other errors in the record arising from oversight or omission. *See* Tenn. R. Crim. P. 36 ("Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.").

Finally, Defendant's motion was not and could not be deemed a motion for reduction of sentence under Tennessee Rule of Criminal Procedure 35 and was not, in substance or form, a motion to withdraw a guilty plea under Tennessee Rule of Criminal Procedure 32(f).

For all of the above reasons, Defendant's appeal is not properly before this Court. Consequently, the appeal is dismissed, and the matter is remanded to the trial court for execution of the December 2, 2013 judgment as entered. The time for finality of Defendant's DUI conviction and sentence is long overdue. Notwithstanding Defendant's filing a petition to appeal to the Supreme Court, Defendant shall commence service of his period of incarceration within thirty (30) days of entry of this Court's judgment. *See* T.C.A. § 55-10-402(f)(1). Should Defendant file an application pursuant to Tennessee Rule of Appellate Procedure 11, his period of incarceration shall commence within thirty (30) days after notice of denial, should the application be denied by the Supreme Court.

_____
TIMOTHY L. EASTER, JUDGE

- 4 -