# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs May 3, 2011

## STATE OF TENNESSEE v. RICHARD ALEXANDER HERRERA

**Appeal from the Circuit Court for Obion County**
**No. CC-10-CR-77    William B. Acree, Judge**

---

**No. W2010-01826-CCA-R3-CD - Filed July 5, 2011**

---

The Defendant, Richard Alexander Herrera, was charged with sexual exploitation of a minor, a Class B felony.[1]  Following the denial of his motion to suppress evidence seized as a result of the issuance of a search warrant in another case, the Defendant pled guilty to sexual exploitation of a minor, a Class C felony.  In accordance with the plea agreement, the trial court sentenced the Defendant as a Range II, multiple offender to eight years in the Tennessee Department of Correction.  Pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, the Defendant sought to reserve a certified question of law challenging the trial court's denial of his motion to suppress.  Following our review, we conclude that the certified question of law the Defendant sought to reserve on appeal is not dispositive of the case.  The appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and NORMA MCGEE OGLE, JJ., joined.

Joseph P. Atnip, District Public Defender, and William K. Randolph, Assistant Public Defender, for the appellant, Richard Alexander Herrera.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and Kevin David McAlpin, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1]The offense was classified as a Class B felony because the Defendant possessed more than 100 images of minors engaged in sexual activity.  See Tenn. Code Ann. § 39-17-1003(d).

**OPINION**

This case arose from two separate incidents involving the Defendant and a victim at a Wal-Mart in 2009. On July 10, 2009, the victim, a 22-year old woman, was shopping at Wal-Mart when she "felt somebody" behind her. When she moved to the side, the Defendant grabbed her buttocks. The Defendant turned toward the victim and told her that she had something on her shirt. The Defendant reached for the victim's chest, but the victim moved away. The victim did not report the incident at that time. On August 14, 2009, the victim was at Wal-Mart again when she saw someone behind her. The victim ignored the person behind her and reached down to grab a box. When the victim reached down, she saw the Defendant bent down on the ground with his cellular telephone pointed up her skirt. The victim turned toward the Defendant, and the Defendant said, "Oh, we must have been looking at the same thing." The victim did not respond, and the Defendant walked away. The victim began to cry and walked to the restroom. While in the restroom, she told an employee about the Defendant's actions. The employee contacted the police.

Through the investigation of the Wal-Mart incidents, investigators learned that security cameras had recorded the July incident. Security footage of the July incident revealed that the Defendant may have attempted to photograph the victim's buttocks. The security cameras did not record the August incident, but several recordings from that day placed the victim and the Defendant in the store at the same time. From the August recordings, Tammie Winchester, a loss-prevention associate at Wal-Mart, was able to discover the Defendant's name, address, driver's license number, and social security number because he had cashed a payroll check at the service desk.

Using the information from the July and August incidents, officers obtained a warrant for the Defendant's arrest for two counts of unlawful photography, one count of attempted sexual battery, and one count of sexual battery.[2] When the officers attempted to arrest the Defendant from his home, the Defendant did not open the door. Officers spoke with the Defendant's neighbors and learned that the Defendant generally stayed at home and that he was likely inside his home if his car was in the driveway. Investigator Derrick O'Dell of the Union City Police Department obtained a search warrant for the Defendant's home to search for the Defendant and evidence relating to the Wal-Mart incidents. The affidavit in support of the search warrant provided,

> On 08/14/09 Union City Police Department investigated a complaint of sexual
> battery that had occurred at [Wal-Mart] located at 1601 West Reelfoot Ave.

---

[2]Following a jury trial, the Defendant was convicted of attempted unlawful photography, unlawful photography, attempted sexual battery, and sexual battery.

Union City Obion County, Tennessee. In that complaint victim states [] she was grabbed by an unknown male in the buttock area without her consent. The male subject also took photographs of victim's buttock area with an unknown brand of cell phone without her consent. The said offense occurred [on] 07/10/09. [A second] offense which victim reported on 08/14/09 was another case of the same male using a cell phone to photograph her buttock area in the grocery section of [Wal-Mart].

. . .

Affiant requests a search warrant be granted for 615 E Vine Street, Union City Obion County, Tennessee, the residence of [the Defendant], for [the Defendant's] person. Due to information from neighbors about [the Defendant's] practice of staying at home frequently and his vehicle still being at the residence also adding to the probability that [the Defendant] is at home and just won't answer the door for officers. Affiant also requests this warrant be granted to search for the unknown brand of cell phone for [the Defendant] used in photographing the victim's person while at [Wal-Mart] on the above listed dates. Affiant requests that a search be granted for computer hardware, software, digital media, flash drives, computer CD's [and] DVDR's, SIM cards, SD cards, mini SD cards, printed photos, images of the victim, as all of these devices can be used by [the Defendant] to download, store, transport, reproduce and save images obtained, without consent of the victim, from the cell phone used on 07/10/09 and 08/14/09.

As a result of the search, officers discovered approximately 15 "loose photographs that were printed off a home computer" in the Defendant's closet. These photographs depicted "what appeared to be underage females," who were "nude" or "semi nude" and "posed in sexually explic[i]t positions." While searching the Defendant's hard drive, Investigator O'Dell also found images of young females in "sexual positions, exposing their genitals." Fearing that the files may be corrupted by his search, Investigator O'Dell immediately secured the evidence for the Tennessee Bureau of Investigation (TBI). Investigator O'Dell then procured another warrant to search the computer because he believed that the photographs supported a charge of sexual exploitation of a minor. The TBI's investigation revealed 1,215 photographs, and Investigator O'Dell determined that 715 photographs were unlawful and supported a charge of sexual exploitation of a minor.

The Defendant was ultimately indicted for sexual exploitation of a minor, and the Defendant sought to suppress the evidence found as a result of the search warrant obtained in the Wal-Mart case. Following a suppression hearing at which Investigator O'Dell testified

to the above evidence, defense counsel asserted that pursuant to State v. Jesse B. Gilliland, No. M2008-02767-CCA-R3-CD, 2010 WL 2432014 (Tenn. Crim. App. June 17, 2010), the Defendant's photography of the victim at Wal-Mart was not a crime; therefore, officers did not have probable cause to support a search of the Defendant's house for evidence relating to the photography of the victim. Defense counsel argued that all of the evidence should be suppressed because the unlawful search ultimately revealed the evidence in support of the sexual exploitation of a minor charge. The State responded that because the search warrant also alleged that the Defendant had committed the crime of sexual battery, there was probable cause to search for evidence of that crime, namely a photograph of the victim. The State asserted that if the Defendant had a photograph of the victim, the photograph would be further corroborating evidence that the Defendant was the person who grabbed the victim at Wal-Mart.

In denying the Defendant's motion to suppress, the trial court found that there was a sufficient nexus to support a search of the Defendant's computer. The trial court stated that whether the Defendant had been lawfully convicted of unlawful photography did not affect the evidence supporting the sexual exploitation of a minor charge. The trial court further stated, "[T]hey had asked for the search warrant to attempt to find photographs of the Wal-Mart victim which would be used as evidence at the trial, the sexual battery trial and the unlawful photography trial."

Following the trial court's denial of the motion to suppress the evidence obtained as a result of the search warrant for the Wal-Mart case, the Defendant pled guilty but reserved the following question for our review:

> If, as with the facts of the case at bar, the defendant is suspected by law enforcement of taking photographs with a camera held under the skirt or shorts of an unsuspecting woman, and law enforcement proceeds to attempt to obtain evidence of this activity, which they conclude is a violation of the unlawful photographing statute, [Tenn. Code Ann. § 39-13-605], and when said law enforcement obtains a search warrant allowing permission to search the defendant's home for cameras, computers, etc. so as to find evidence of his photographing the victim, and, in the process of searching the defendant's computer there is found evidence of an unrelated crime, [whereupon] the defendant is indicted for the unrelated crime, should the evidence of the unrelated crime found on the computer pursuant to the search warrant be suppressed because the reason for the warrant, the alleged violation of [Tenn. Code Ann. § 39-13-605], is, according to the defendant, invalid due to the undisputed fact that the photographs being made of the unsuspecting woman were made in the aisles of Wal-Mart, a place where the defendant maintains

that the individual did not have a reasonable expectation of privacy, the search warrant being based, therefore, upon a factual scenario that the defendant contends was not actually illegal under our statutory scheme?

## ANALYSIS

The Defendant contends that the trial court erred in denying his motion to suppress because, pursuant to Gilliland, the initial search warrant sought evidence relating to acts that were not criminal, namely the unlawful photography of the victim at Wal-Mart. The State responds that the trial court properly denied the motion to suppress when the search warrant also sought evidence relating to the alleged sexual battery of the victim at Wal-Mart. The State asserts that the Defendant's reliance on Gilliland is misplaced. The Defendant replies that the certified question solely relates to the validity of the search in consideration of the fact that the photography of the victim was not a crime.

Tennessee Rule of Criminal Procedure 37 permits a criminal defendant to plead guilty and appeal a certified question of law when the defendant has entered into a plea agreement under Rule 11(a)(3) of the Rules of Criminal Procedure and has "explicitly reserved - with the consent of the state and of the court - the right to appeal a certified question of law that is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(A). As a prerequisite to this court's review, the final order or judgment appealed from must contain a statement of the certified question that clearly identifies the scope and legal limits of the question, including the agreement by the defendant, the trial court, and the State that the question is dispositive of the case and is explicitly reserved for appellate review as part of the plea agreement. State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). Our supreme court has repeatedly made clear that the Preston requirements "for appealing a certified question of law under Rule 37 of the Tennessee Rules of Criminal Procedure [are] 'explicit and unambiguous.'" State v. Armstrong, 126 S.W.3d 908, 912 (Tenn. 2003) (quoting State v. Irwin, 962 S.W.2d 477, 479 (Tenn.1998); State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996)).

Prior to 2011, at the time of the Wal-Mart incidents, Tennessee Code Annotated section 39-13-605 provided, in pertinent part,

(a) It is an offense for a person to knowingly photograph, or cause to be photographed an individual, when the individual is in a place where there is a reasonable expectation of privacy, without the prior effective consent of the individual . . . if the photograph:

(1) Would offend or embarrass an ordinary person if such person appeared in the photograph; and

-5-

                    (2) Was taken for the purpose of sexual arousal or gratification
                    of the defendant.

(emphasis added). In Gilliland, the defendant "was arrested at the Cool Springs Mall in Franklin, Tennessee for videotaping underneath a woman's skirt" on December 16, 2006. Gilliland, 2010 WL 2432014, at *5. In investigating the defendant's actions, officers obtained a search warrant and subsequently found marijuana in the defendant's residence. Id. at *2. The Defendant was indicted for one count of possession of marijuana and ultimately pled guilty, reserving a certified question of law in which he challenged the trial court's denial of his motion to suppress the marijuana found as a result of the search. Id. at *1. Analyzing the statute in place for the offense of unlawful photography at the time of the defendant's actions, this court stated that the defendant's actions at the mall were not criminal because the victim did not have a reasonable expectation of privacy when she was photographed in a public place, a shopping mall. Id. at *4. The court ultimately held that there was no probable cause to support the search warrant when "the search warrant was based upon a factual scenario that was not actually illegal under our statutory scheme." Id. at *5. In so concluding, this court suppressed the marijuana found as a result of the unlawful search. Id. Following this court's decision in Gilliland, the legislature amended Tennessee Code Annotated section 39-13-605.[3]

The Defendant is correct in his assertion that his case is very similar to Gilliland. If the search warrant were based solely upon the counts of unlawful photography that were alleged to have occurred in 2009, the evidence found that supported the sexual exploitation of a minor charge should be suppressed pursuant to Gilliland. However, the search warrant in this case was based upon the Defendant's alleged sexual battery of the victim as well as his alleged unlawful photography of the victim. Even if we were to conclude that officers did not have probable cause to search for evidence relating to the unlawful photography of the victim, the question remains whether officers had probable cause to search for the photographs of the victim to support the sexual battery charges.

While the parties agreed that the certified question was dispositive of this case, we are "not bound by the determination and agreement of the trial court, a defendant, and the State that a certified question is dispositive of the case." State v. Thompson, 131 S.W.3d 923, 925 (Tenn. Crim. App. 2003) (citing State v. Oliver, 30 S.W.3d 363, 364 (Tenn. Crim. App. 2000)). "Rather, [we] must make an independent determination that the certified question

_____

[3]The code section now provides that a person commits the crime of unlawful photography if such person photographs "an individual who has a reasonable expectation of privacy" without their consent when the photograph "[w]ould offend or embarrass an ordinary person" and "[w]as taken for the purpose of sexual arousal or gratification." Tenn. Code Ann. § 39-13-605(a).

is dispositive." State v. Dailey, 235 S.W.3d 131, 135 (Tenn. 2007) (citing Preston, 759 S.W.2d at 651). "An issue is dispositive when this court must either affirm the judgment or reverse and dismiss." State v. Wilkes, 684 S.W.2d 663, 667 (Tenn. Crim. App. 1984).

Here, officers had probable cause to search for evidence relating to the sexual battery charge, namely a photograph of the victim. If officers had found a photograph of the victim in the Defendant's residence as a result of their search, this evidence would have bolstered the victim's claim that the Defendant assaulted her in Wal-Mart. Thus, the validity of the search warrant rested on more information "supplied in the affidavit" than what was challenged in the certified question. See State v. Thurman G. Ledford, No. E2002-01660-CCA-R3-CD, 2003 WL 21221280, at *4 (Tenn. Crim. App. May 22, 2003) (holding that the certified question was not dispositive when the validity of the search warrant rested on more information than what was challenged in the certified question), perm. app. denied (Tenn. Oct. 6, 2003). Accordingly, we must conclude that the certified question is not dispositive of the Defendant's case.

## CONCLUSION

Having concluded that the certified question of law is not dispositive of the case, we dismiss the appeal.

_____
D. KELLY THOMAS, JR., JUDGE